**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

MITCHELL SEURER,

Plaintiff,

v.

FMF LITTLETON LLC; GREP SOUTHWEST, LLC
D/B/A GREYSTAR,

Defendants.

---

**NOTICE OF REMOVAL**

---

Defendant FMF Littleton LLC ("Littleton"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and D.C.COLO.L.Civ.R. 81.1, removes this civil action from the Douglas County District Court, Colorado to the United States District Court for the District of Colorado. In support thereof, the Littleton states as follows:

## I. INTRODUCTION

1. On January 6, 2026, Plaintiff Mitchell Seurer ("Plaintiff"), filed a Complaint and Jury Demand in Douglas County District Court, State of Colorado, captioned *Mitchell Seurer v. FMF Littleton LLC and GREP Southwest, LLC d/b/a Greystar*, Case No. 2026CV30017 (the "State Case"). Pursuant to 28 U.S.C. § 1446(a), a complete copy of the file from the State Case is attached as **Exhibits A-G.** Specifically, the Complaint and Jury Demand (the "Complaint") is **Exhibit A,** the Summons for Littleton is **Exhibit B**, the Summons for GREP Southwest, LLC d/b/a Greystar ("Greystar") is **Exhibit C**, the District Civil Case Cover Sheet is **Exhibit D**, the Affidavit of Service for Littleton is **Exhibit E**, and the Affidavit of Service for Greystar is **Exhibit F**. Additionally, a copy of the docket from the State Case is attached hereto as **Exhibit G**.

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within one year of the commencement of this action and within thirty days of the date on which this case first became removable. Littleton and Greystar (collectively, the "Defendants") were served with a copy of the Complaint, Summons, and Civil Cover Sheet on January 14, 2026. *See* **Exhibits E-F**. Accordingly, Defendants' thirty-day period for removal commenced on that date, with a corresponding deadline to remove of February 13, 2026.

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Additionally, pursuant to 28 U.S.C. § 1441, the U.S. District Court for the District of Colorado is the appropriate court for the removal of this action because it embraces Douglas County District Court, where this action is pending.

## II. DIVERSITY OF CITIZENSHIP

5. Pursuant to 28 U.S.C. § 1332(a), "the citizenship of all defendants must be different from the citizenship of all plaintiffs." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

6. "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) (internal citations omitted). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260.

7. Plaintiff states in the Complaint that he is a resident of Douglas County, Colorado. **Exhibit A** at ¶1. Upon information and belief, Plaintiff intends to remain in Colorado indefinitely. Thus, Plaintiff is domiciled in Colorado for purposes of diversity jurisdiction.

8. With respect to corporations, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. Defendant Littleton is a foreign corporation organized under the laws of Delaware, with its principal place of business located in New York, New York. *See* Certificate of Good Standing, attached hereto as **Exhibit H.** Thus, Littleton is a citizen of Delaware for purposes of diversity jurisdiction.

10. Defendant Greystar is a foreign corporation organized under the laws of Delaware, with its principal place of business located in Charleston, South Carolina. *See* Certificate of Good Standing, attached hereto as **Exhibit I.** Thus, Greystar is a citizen of Delaware for purposes of diversity jurisdiction.

11. As Plaintiff is a citizen of Colorado, and Defendants are citizens of Connecticut, there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332.

## III. AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS

12. To meet the jurisdictional requirement under 28 U.S.C. § 1332, Defendants must establish that Plaintiff's damages could exceed $75,000.00 exclusive of interest and costs.

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d at 956.

13. Here, Plaintiff alleges that the Defendants actions caused Plaintiff to sustain extensive and significant damages, "including economic losses, including medical bills, noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life, and physical impairment." *See* **Exhibit A** at ¶ 20.

14. Additionally, the Civil Cover Sheet filed with Plaintiff's Complaint indicates that Plaintiff seeks a monetary judgment in excess of $100,000. **Exhibit D**, Civil Cover Sheet. *See Washington v. Am. Fam. Mut. Ins. Co.*, 2013 WL 1412327, at *4 (D. Colo. Mar. 18, 2013) (allegations in a civil cover sheet may be considered when that civil cover sheet is not the sole basis for removal, but instead provides "additional evidence of the amount in controversy"); *see also Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016) (same).

15. As such, the amount in controversy exceeds the sum of $75,000.

## IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN ESTABLISHED

16. Based on the foregoing, this Court has jurisdiction over this action under 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. Accordingly, the above-entitled action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

17. Pursuant to D.C.COLO.L.Civ.R. 81.1, Littleton certifies that no motions are pending, and no hearings have been set in the State Case as of this date.

18. Pursuant to Fed. R. Civ. P. 81(c), Littleton will file a responsive pleading on or before the time prescribed therein, and specifically reserves the right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

19. In accordance with 28 U.S.C. § 1446(d), a Notice of Removal will be promptly filed with the District Court for Douglas County, Colorado where this action was originally filed, and copies of the Notices of Removal are being served upon Plaintiff's counsel.

20. If any questions arise as to the propriety of the removal action, Littleton respectfully requests the opportunity to present brief oral argument in support of its position that this case is removable.

## V. CONCLUSION

Based on the foregoing, Littleton has demonstrated that removal of this matter to the U.S. District Court for the District of Colorado is proper because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Littleton states that no waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, Littleton respectfully requests that this Court accept its Notice of Removal and assume jurisdiction over this action, and issue such further orders and processes as may be necessary.

Respectfully submitted this 13th day of February, 2026.

CLYDE & CO US LLP

/s/ *Emily M. Vanderlaan*
Emily M. Vanderlaan
Bill C. Swallow
1099 18th Street, Suite 2220
Denver, Colorado 80202
Telephone: (303) 301-8950
Facsimile: (303) 301-8974
Emily.Vanderlaan@clydeco.us
Bill.Swallow@clydeco.us

***Attorneys for Defendant***
***FMF Littleton LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 13, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Emily M. Vanderlaan*
Emily M. Vanderlaan