# EXHIBIT A

| | |
|---|---|
| **DOUGLAS COUNTY DISTRICT COURT, STATE OF COLORADO**<br>4000 Justice Way, Ste. 2009<br>Castle Rock, CO 80109<br>720-437-6200 | DATE FILED<br>January 6, 2026 4:46 PM<br>FILING ID: DB62F818E8ADE<br>CASE NUMBER: 2026CV30017 |
| **Plaintiff:**<br><br>MITCHELL SEURER<br><br>**v.**<br><br>**Defendants:**<br><br>FMF LITTLETON LLC; GREP SOUTHWEST, LLC D/B/A GREYSTAR | ▲**COURT USE ONLY** ▲ |
| ***Attorneys for Plaintiff***:<br>Jeremy A. Sitcoff, No. 29393<br>**LEVIN SITCOFF PC**<br>455 Sherman St. Ste. 490<br>Denver, CO 80203<br>Telephone: (303) 575-9390<br>Facsimile: (303) 575-9385<br>jeremy@lsw-legal.com | **Case Number**:<br><br>**Division**: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Mitchell Seurer, by and through his attorneys, LEVIN SITCOFF PC, for his Complaint against Defendants, FMF Littleton LLC and GREP Southwest, LLC d/b/a Greystar states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mitchell Seurer is and was, at all relevant times, a resident of Douglas County, Colorado.

2. Defendant FMF Littleton LLC ("FMF") is a Delaware Limited Liability Company, with its principal place of business located in Jersey City, New Jersey.

3. Defendant GREP Southwest, LLC d/b/a Greystar ("Greystar") is a property management firm headquartered in Charleston, South Carolina.

4. This Court has jurisdiction over the subject matter of this action and the parties hereto.

5. Under C.R.C.P. 98(c), venue is proper in Douglas County, as the location of the incident giving rise to this action.

## GENERAL ALLEGATIONS

6. Defendant FMF is the owner of a residential apartment complex improvement known as HiLine at Littleton Commons located at 8300 South Erickson Boulevard in Littleton, Colorado ("HiLine").

7. HiLine consists of twenty (20) buildings with three hundred and eighty-five (385) apartment units and a variety of common amenities including a pool, dog park, and business center.

8. Greystar is the property manager for HiLine.

9. On December 12, 2023, Plaintiff entered into a lease agreement for an apartment at HiLine.

10. At approximately 8:50 p.m. on January 8, 2024, Plaintiff returned to HiLine with the intention of going to his apartment unit.

11. As Plaintiff was walking on one of the exterior staircases to enter the building at HiLine where he lived, he slipped on ice and fell resulting in injuries, damages and losses.

12. On the morning of January 9, 2024, Plaintiff took the photo below of the conditions on the stairs where he slipped and fell on the evening of January 8, 2024:



13. On the evening of January 8, 2024, Defendants were responsible for the conditions existing on the property at HiLine and the maintenance thereof, including but not limited to exterior staircases and walkway surfaces at HiLine.

14. On the evening of January 8, 2024, the exterior staircases and walkway surfaces were open to and expected to be traversed by tenants, including but not limited to invitees like Plaintiff.

15. On the evening of January 8, 2024, an accumulation of ice was present on the exterior stairs at HiLine leading to Plaintiff's apartment, which created a dangerous condition.

16. Defendants failed to monitor the conditions at HiLine on the evening of January 8, 2024, and allowed ice to improperly accumulate, thereby creating the dangerous condition on the exterior staircases at HiLine.

17. On the evening of January 8, 2024, Defendants allowed ice removal to be improperly and inadequately conducted and inspected, thereby creating the dangerous condition at HiLine.

18. Defendants knew or should have known, through the exercise of reasonable care, of the dangerous condition created and/or existing at HiLine on the evening of January 8, 2024.

19. Defendants failed to adequately and properly warn invitees, including Plaintiff, of the dangerous condition that existed at HiLine on the evening of January 8, 2024.

20. As a direct and proximate result of Defendants' aforementioned actions, Plaintiff sustained damages, including economic losses, including medical bills, noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life, and physical impairment.

**FIRST CLAIM FOR RELIEF**
**Premises Liability C.R.S. § 13-21-1115 -- Defendant FMF**

21. Plaintiff incorporates all allegations of the Complaint as if stated herein.

22. At the times relevant hereto, Defendant FMF was a "landowner" of HiLine as contemplated by C.R.S. § 13-21-115, responsible for the condition of the real property, or activities conducted or circumstances existing upon the real property.

23. At the times relevant hereto, Plaintiff was an "invitee" at HiLine in accordance with C.R.S. § 13-21-115.

24. On the day that Plaintiff slipped on the icy staircase at HiLine and fell, Defendant FMF had a duty and responsibility to exercise reasonable care in maintaining the condition at HiLine, including the premises, exterior staircases, sidewalks, and walkways.

25. On the evening of January 8, 2024, Defendant FMF knew, or with reasonable care should have known, of the dangerous condition existing on the exterior staircase at HiLine.

26. Defendant FMF had a duty to warn and protect Plaintiff from the dangerous condition that existed on the exterior staircase at HiLine.

27. Defendant FMF failed to reasonably protect Plaintiff from, warn Plaintiff about, or remediate the dangerous condition that existed on the exterior staircase at HiLine on the evening of January 8, 2024.

28. Defendant FMF breached its duties and unreasonably failed to exercise reasonable care to protect against dangers of which it knew, or should have known, as contemplated by C.R.S. § 13-21-115 and common law.

29. As a direct and proximate result of Defendant FMF's aforementioned actions, Plaintiff sustained injuries, damages, and losses in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**Premises Liability, C.R.S. § 13-21-115 – Defendant Greystar**

30. Plaintiff incorporates all allegations of this Complaint as if fully stated herein..

31. At the times relevant hereto, Defendant Greystar was a "landowner" of the exterior staircases HiLine as contemplated by C.R.S. § 13-21-115.

32. At the times relevant hereto, Plaintiff was an "invitee" at HiLine in accordance with C.R.S. § 13-21-115.

33. On the day that Plaintiff slipped on the icy staircase at HiLine and fell, Defendant Greystar had a duty and responsibility to exercise reasonable care in maintaining the condition at HiLine, including the premises, exterior staircases, sidewalks, and walkways.

34. On the evening of January 8, 2024, Defendant Greystar knew, or with reasonable care should have known, of the dangerous condition existing on the exterior staircase at HiLine.

35. Defendant Greystar had a duty to warn and protect Plaintiff from the dangerous condition that existed on the exterior staircase at HiLine.

36. Defendant Greystar failed to reasonably protect Plaintiff from, warn Plaintiff about, or remediate the dangerous condition that existed on the exterior staircase at HiLine on the evening of January 8, 2024.

37. Defendant Greystar breached its duties and unreasonably failed to exercise reasonable care to protect against dangers of which it knew, or should have known, as contemplated by C.R.S. § 13-21-115 and common law.

38. As a direct and proximate result of Defendant Greystar's aforementioned actions, Plaintiff sustained injuries, damages, and losses in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**(IN THE ALTERNATIVE TO THE SECOND CLAIM FOR RELIEF)**
**Negligence – Defendant Greystar**

39. Plaintiff incorporates by reference the foregoing allegations of this Complaint as though fully set forth herein.

40. At the time of Plaintiff's fall, Defendant Greystar was aware that tenants at HiLine would enter and exit the buildings using the premises' staircases.

41. At the time of Plaintiff's fall, Defendant Greystar knew that ice could, and would, build up on the exterior staircases of the premises, and specifically in the area where Plaintiff fell.

42. Defendant Greystar had a duty to exercise reasonable care in ensuring that tenants at HiLine would not be harmed when using the exterior staircases at HiLine.

43. Defendant Greystar had a duty to exercise reasonable care in warning tenants of the danger that existed on the exterior staircases at HiLine.

44. Defendant Greystar was negligent for failing to act as reasonably careful persons would do under the same or similar circumstances to protect others from bodily injury.

45. Because Defendant Greystar failed to exercise reasonable care, Plaintiff slipped fell on the exterior staircase and suffered injuries.

46. Injury to people in Plaintiff's situation was a reasonably foreseeable consequence of Defendant Greystar's negligence.

47. As a direct and proximate result of Defendant Greystar's negligent conduct, Plaintiff's injuries, damages, and losses in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Mitchell Seurer requests that judgment be entered in his favor and against Defendants FMF Littleton LLC GREP Southwest, LLC d/b/a Greystar as follows:

a. For compensatory damages in amounts to be proved at trial;

b. For all interest, pre- or post- judgment, to which he may be entitled;

c. For reasonable attorneys' fees and costs of suit herein;

d. For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this 6th day of January 2026.

Respectfully submitted,

**LEVIN SITCOFF PC**

*s/Jeremy A. Sitcoff*
Jeremy A. Sitcoff
***Attorneys for Plaintiff***

Plaintiff's Address:
517 Sylvestor Trail
Highlands Ranch, CO 80129